UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL CHICO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 05 C 3101 |
| | ) |
| OFFICER DAN MILLER, Oak Lawn Police | ) |
| Department; OFFICER J. RILEY, Alsip Police | ) |
| Department; OFFICER E. CASEY, Alsip Police | ) |
| Department; and VILLAGE OF ALSIP, a | ) |
| Municipal Corporation, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Alsip Police Officers Riley and Casey and the Village of Alsip (the "Village") (collectively referred to as the "Defendants"), to dismiss Count III of the Plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Defendants' motion is granted.

**BACKGROUND**

According to the allegations of the complaint, which we must accept as true when evaluating a motion to dismiss, on the evening of May 27, 2003, Plaintiff Manuel Chico ("Chico") stopped at a White Hen Pantry convenience store located at 7035 West

115th Street in Alsip, Illinois. After using an Automated Teller Machine ("ATM") inside the store, Chico returned to his car and found that a man, later identified as Oak Lawn Officer Dan Miller ("Officer Miller"), had positioned his vehicle in such a way as to prevent Chico from leaving. When Chico exited his car to investigate, Officer Miller displayed his badge and identified himself as a police officer. Officer Miller refused to move his vehicle in order to allow Chico to leave. Chico alleges that Officer Miller then struck him in the face with an unknown object, knocking him to the ground and rendering him unconscious.

At some point following the alleged incident, Alsip Police Officers Riley and Casey (collectively referred to as the "Officers") arrived at the scene. Chico, who maintains that he was disoriented following the attack, states that he informed the Officers that he had been struck by another individual, but that the Officers took no action. Officer Riley ultimately drove Chico home in his squad car.

On the morning of May 28, 2003, Chico checked himself into Oak Forest Hospital, complaining of pain to his jaw. X-rays showed that Chico's jaw had been broken. When Oak Forest Hospital refused treatment on insurance grounds, Chico checked himself into John Stroger Hospital, where he remained until June 6, 2003. Following his release from the hospital, Chico went to the Alsip Police Department to file charges against the unknown man who struck him. Chico asserts in his complaint

that, at the time, he believed that his attacker was an Alsip Police Officer. Chico alleges that agents of the Alsip Police Department did not assist him in determining the unknown officer's identity and actively withheld the information from him.

Thereafter, Chico filed a claim with the Illinois Attorney General for damages under the Crime Victim's Compensation Act. During an Illinois Court of Claims hearing on June 9, 2004, Chico learned that Officer Miller was the alleged assailant. On April 6, 2005, Chico filed a multi-count civil rights complaint in the Circuit Court of Cook County against Officer Miller and the Defendants. Citing federal question jurisdiction, the Defendants removed the case to this court on May 24, 2005. On June 30, the Defendants filed their collective motion to dismiss.

**LEGAL STANDARD**

A court may dismiss a case on a Rule 12(b)(6) motion "for failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the legal sufficiency of a complaint, not to decide the underlying merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must accept as true all well-pleaded facts and allegations in the complaint, construe allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. Bontowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939

F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to survive a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based, conveying enough information so that the defendant is able to understand the gravamen of the complaint. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998); Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). A plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the basis" of the claim. Perkins, 939 F.2d at 466-67. With these principles in mind, we turn to the present motion.

## DISCUSSION

*I. Count III: State Law Conspiracy Claim*

Defendants first seek dismissal of Chico's conspiracy claim set forth in Count III. An initial reading of Chico's complaint results in some confusion as it is not immediately clear whether Chico intended to allege a state law conspiracy, or a federal conspiracy under 42 U.S.C. § 1983. Although Chico clarifies the matter by stating in his opposition brief that he alleged a state law conspiracy, Defendants argue that the obfuscated wording of Chico's complaint deprived them of the fair notice required by

Federal Rule of Civil Procedure 8. However, a liberal reading of Chico's complaint compels us to disagree.

It appears that Chico grouped his state law claims together when drafting his complaint. Count III is nestled between other state law claims whereas the counts pertaining to Section 1983 are found at the end of Chico's complaint. Further, Chico makes no reference to Section 1983 in Count III, but does so in other counts of his complaint. This allows for the inference that Chico intended to allege a conspiracy rooted in Illinois law. Consequently, Count III provides adequate notice of an alleged state law conspiracy to the Defendants to preclude dismissal on Fed. R. Civ. P. 8 grounds.

Turning to the substance of Count III, Chico alleges that the Officers conspired to conceal from him the identity of his alleged assailant, Officer Miller, by withholding police reports and failing to investigate Chico's complaint. This alleged conspiracy, according to Chico, deprived him of his due process right to access the courts and pursue litigation against Officer Miller.

In Illinois, a civil conspiracy is defined as "a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means." McClure v. Owens Corning Fiberglass Corp., 720 N.E.2d 242, 258 (Ill. 1999) (citing Buckner v. Atlantic Plant

Maint., Inc., 694 N.E.2d 565 (Ill. 1998)). To state a claim for civil conspiracy, a plaintiff must allege an agreement and a tortious act in furtherance of that agreement. McClure, 720 N.E.2d at 258.

In Vasquez v. Hernandez, 60 F.3d 325 (7th Cir. 1995), the victim of an accidental shooting sued several police officers who investigated the incident, alleging that the officers conspired to conceal the fact that fellow officers participated in the shooting. Vasquez, 60 F.3d at 327-28. Specifically, the plaintiff alleged that the defendants' concealment deprived her of her due process right of access to the courts by creating an unnecessary delay of six months before the actual circumstances of the shooting emerged. Id. at 329. On appeal of the district court's granting of summary judgment in the defendants' favor, the Seventh Circuit held that the officers did not deprive the plaintiff of her right to access the courts, reasoning that the six-month delay experienced by the plaintiff, while inconvenient, did not rise to the level of a constitutional violation because the eventual release of the concealed information preserved plaintiff's right to recover in a state tort action. Id.

In the instant case, the fact that Chico did not know Officer Miller's identity at the time of the attack did not foreclose Chico's access to the courts. Chico could have filed a civil suit against the Village or the Alsip Police Department. This would have led to the discovery of the police report and the identity of Officer Miller, just as they

-6-

were revealed when Chico filed his action with the Illinois Court of Claims. Consequently, Chico does not sufficiently state a claim for which relief may be granted.

Chico attempts to distinguish <u>Vasquez</u> on the basis that <u>Vasquez</u> involved a Section 1983 conspiracy claim, unlike the state law conspiracy claim advanced here. However, Chico overlooks the fact that his state law conspiracy claim is premised upon an alleged violation of the same constitutional right as argued in <u>Vasquez</u>; the due process right of access to the courts. Thus, to the extent the Seventh Circuit analyzed whether <u>Vasquez</u> sufficiently presented a violation of the due process right to access the courts, the <u>Vasquez</u> decision applies to the factual situation here.

Chico further asserts that the alleged delay in discovering the identity of Officer Miller deprived him of access to the courts by potentially providing Officer Miller with a statute of limitations defense. This argument lacks merit.

While Officer Miller has not yet appeared or answered before this court, a statute of limitations defense would arise from Chico's failure to file his complaint at an earlier time and not as a result of the alleged conduct of Officers Riley and Casey. Even if the Officers withheld Officer Miller's identity from Chico, they did not preclude Chico from discovering this information on his own through the filing of a civil suit. The fact that Chico waited nearly a year after discovering Miller's identity

in the Court of Claims before filing suit in Cook County has no relation to the purported conduct of Officers Riley and Casey.

In sum, because Chico's conspiracy claim is not grounded in an unlawful act, he has failed to state a civil conspiracy under Illinois law, and accordingly, Count III must be dismissed.

## II. *Claim Against the Village of Alsip*

Defendants next assert that the Village must be dismissed from the present action because Chico failed to allege a specific unconstitutional policy or custom under Section 1983. In addition, the Defendants argue that the Village is not named in any of the remaining individual counts and should accordingly be dismissed from the present action. Chico counters that claims against the Village are sufficiently pled in Count III of his complaint. Specifically, Chico claims that the allegations in Count III are state law claims and thus he need not plead a specific unconstitutional policy or custom under Section 1983. Instead, Chico claims that the common law theory of *respondeat superior* applies, and that the allegations against Officers Riley and Casey as employees of the Village are sufficient to place the Village on notice of the claim against it. Assuming that the allegations in Count III are state law claims and common law agency rules apply, Chico's allegations against the Village are insufficient.

Under Illinois law, a municipality may be liable for the actions of subordinates when they commit tortious or illegal acts within the scope of their agency or employment. Wright v. City of Danville, 675 N.E.2d 110, 118 (Ill. 1996). Here, Chico names Officers Riley and Casey as officers of the Village, but fails to allege that the Officers committed tortious or illegal acts within the scope of their agency or employment. Consequently, Chico fails to place the Village on notice and does not properly allege common law *respondeat superior* in Count III. Accordingly, as Chico has not named the Village in any of the other counts of the complaint, the Village is dismissed from the action.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted without prejudice.

                                                                                     _/s/ Charles P. Kocoras_  
                                                                                    Charles P. Kocoras  
                                                                                    Chief Judge  
                                                                                    United States District Court

Dated:    August 31, 2005