UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL CHICO, | ) |
| Plaintiff, | ) |
| vs. | ) 05 C 3101 |
| OFFICER DAN MILLER, Oak Law Police Department; OFFICER J. RILEY, Alsip Police Department; OFFICER E. CASEY, Alsip Police Department; and VILLAGE OF ALSIP, a Municipal Corporation, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on two motions. The first, filed by Plaintiff Manuel Chico, seeks to alter or amend our August 31, 2005, dismissal of Count III of his complaint pursuant to Fed. R. Civ. Proc. 59(e). The second, filed by Defendant Dan Miller, requests that we dismiss Counts I, II, IV, V, VI and VII, pursuant to Fed. R. Civ. Proc. 12(b)(5) and 12(b)(6). For the reasons set forth below, Chico's motion is denied and Miller's motion is granted.

# BACKGROUND

According to the allegations of the complaint, which we must accept as true at this stage of the proceedings, Chico went into a White Hen Pantry convenience store on May 27, 2003. When he returned to his car, a man had parked his car behind Chico's, blocking him from leaving the parking lot. The man showed a badge, refused to move his car, and allegedly struck Chico in the face with an unidentified object. Chico fell to the ground and lost consciousness.

While Chico was unconscious, Defendants J. Riley and E. Casey, officers of the Alsip Police Department, arrived. After he awakened, they drove him home. At a hospital visit the following day, Chico learned that he had a broken jaw. He was hospitalized for approximately 10 days to treat his injury. Following his release, Chico went to the Alsip Police Department to file a report against the unidentified man. According to Chico, Officers Riley and Casey deliberately withheld the identity of the alleged assailant from him.

In early June 2003, Chico filed a claim with the Illinois Attorney General's office for damages under the Crime Victim's Compensation Act. On June 9, 2004, during an Illinois Court of Claims hearing, Chico learned that the unidentified man at the White Hen Pantry was Miller, who is a police officer in nearby Oak Lawn, not Alsip.

Approximately 10 months later, on April 6, 2005, Chico filed a seven-count civil rights complaint in the Circuit Court of Cook County against Miller, Riley, Casey, and the Village of Alsip. The complaint alleges that the latter three defendants conspired to conceal the identity of Miller, thereby depriving Chico of access to the courts. Chico also asserts six counts against Miller. Four allege claims of false imprisonment and battery under state law; the remaining two seek redress for constitutional violations under 42 U.S.C. § 1983.

Relying on the federal question jurisdiction arising out of the § 1983 claims, Alsip removed the case to federal court. Riley, Casey, and Alsip filed a motion to dismiss the conspiracy count, which we granted. Chico now asks that we alter or amend our dismissal of the conspiracy count pursuant to Fed. R. Civ. Proc. 59(e).

When the case was removed, Miller had not yet been served. On August 2, 2005, three days before the 120-day period for service was to expire, Chico's attorney left a copy of the complaint and a summons issuing from our court with a woman sitting behind a glass partition at the Oak Lawn police station. According to the return of service form that he executed the following day, he left the documents to be served at the Oak Lawn Police Department at 9446 S. Raymond with an Officer Everrit "per instructions." Miller now moves to dismiss the complaint as to him on the grounds that this manner of service is insufficient. As an alternative ground, he argues that the

-3-

complaint should be dismissed for failure to state a claim because the applicable statutes of limitation have expired.

## LEGAL STANDARDS

**A. Motion to Alter or Amend Judgment**

Fed. R. Civ. Proc. 59(e) permits parties to file, within 10 days of the entry of a judgment, a motion to alter or amend the judgment. Relief under Rule 59(e) is difficult to obtain. Kerr v. WGN Contl. Broadcasting Co., 229 F. Supp. 2d 880, 883 (N.D. Ill. 2002). Typically, a court only grants such a request only where there is newly discovered evidence, an intervening change in law, or a manifest error of law or fact. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998); Kerr, 229 F. Supp. 2d at 883. Rule 59(e) cannot be used to introduce legal theories that the movant could have addressed during the prior proceedings. Russel v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). The decision to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." Matter of Prince, 85 F.3d 314, 324 (7th Cir. 1996).

**B. Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(5)**

For federal cases with Illinois defendants such as Miller, Rule 4(e) allows service to be made in one of three ways. First, a defendant can be personally given a copy of the complaint and summons. Fed. R. Civ. Proc. 4(e)(2); 735 ILCS

5/2-203(a)(1). Second, the copies can be left at the defendant's abode with a person of suitable age and discretion. Fed. R. Civ. Proc. 4(e)(2).[1] Third, if the defendant has an agent who is authorized by the defendant or by operation of law to receive service of process on the defendant's behalf, the complaint and summons can be personally given to that agent. Id. An agency of this kind does not typically arise through implication and is "intended to cover the situation where an individual actually appoints an agent for that purpose." Schultz v. Schultz, 436 F.2d 635, 637 (7th Cir. 1971).

When a defendant challenges sufficiency of service, the burden is on the plaintiff to affirmatively demonstrate otherwise. Robinson, 223 F.3d at 453. The consequence of insufficient service within the requisite time period[2] is dismissal, usually without prejudice. Fed. R. Civ. Proc. 4(m).

---

[1] Under Illinois law, this person must be at least 13 years old, and he or she must be informed of the contents of the summons. 735 ILCS 5/2-203(a)(2). The server must also follow up this visit by mailing a copy of the summons to the defendant at the abode. Id.

[2] Rule 4(m) gives a set period of time for service, whereas under Illinois law, service must be effectuated within a reasonable time after the complaint is filed. Ill. Sup. Ct. R. 103(b). However, because this case was removed to federal court before the time for service had expired, the federal 120-day rule applies in lieu of the more lenient state rule.

**C. Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)**

When considering a 12(b)(6) motion to dismiss, a court evaluates the legal sufficiency of a plaintiff's complaint, not the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). We must accept all well-pleaded allegations as true and will not dismiss a case for failure to state a claim unless the plaintiff cannot prove any facts sufficient to support his claim. Conley, 355 U.S. at 45-46. All inferences are to be drawn in a light most favorable to the plaintiff. Jackson v. E.J. Branch Corp., 176 F.3d 971, 978 (7th Cir. 1999). To survive a motion to dismiss, a plaintiff need only provide a "short and plain statement" under Rule 8(a)(2); the particulars of the claim are not required. Midwest Gas Servs. v. Ind. Gas. Co., 317 F.3d 703, 710 (7th Cir. 2002). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts that set forth the essential elements of the cause of action. Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir. 1996).

With all of these principles in mind, we consider the parties' motions.

## DISCUSSION

**A. Motion to Alter or Amend Judgment**

Before looking to the merits of Chico's motion, we must consider the threshold question of whether it was timely filed. Alsip asserts that the motion was not filed within the strict 10-day period set out by the rule. According to Alsip, September 15

was 11 days after we entered judgment, thus making Chico's motion filed that day untimely. Our decision, though dated August 31, was not docketed until September 1. That is the day that the Rule 59(e) clock begins to run. See Laborers' Pension Fund v. A & C Environmental, 301 F.3d 768, 775 n.5 (7th Cir. 2002). For deadlines of 11 days or fewer, Saturdays, Sundays, and holidays (such as the Labor Day holiday that fell on September 5, 2005) are not included in the calculation of time. Fed. R. Civ. Proc. 6(a). When we apply all of these rules, it is apparent that Chico had until September 16 to file his Rule 59(e) motion. Because he filed one day before that, his motion is timely, and we will consider its merits.

The judgment that Chico seeks to amend or alter is a portion of our decision on the earlier motion to dismiss for failure to state a claim. That motion, filed by Riley, Casey, and the Village of Alsip, was founded on the argument that Chico had not stated a cognizable claim for conspiracy to deprive him of his access to the courts, since the remainder of the allegations of his complaint negated the idea that he was prevented from seeking redress for his injury in court. One of Chico's responses to this position was that the argument should not prevail because the delay caused by Riley and Casey would enable Miller to assert a potential statute of limitations defense if he appeared in this case.[3] We agreed that the failure of Riley and Casey to provide Chico with

---

[3] Chico filed his response on July 20, 2005, before his counsel attempted to
(continued...)

Miller's name and departmental affiliation did not prevent him from filing a timely civil suit. Because knowledge of Miller's name was not a mandatory predicate to the filing of a civil complaint, we concluded that any delay in this case stemmed from Chico's actions, not Riley and Casey's. In addition, we noted that Chico waited almost a year to file once he did find out the details about Miller. Thus, there was no injury to Chico's due process rights that arose from the alleged agreement between Riley, Casey, and Alsip, so no viable claim for conspiracy was available to Chico.

In his Rule 59(e) motion,[4] Chico contends that our ruling should not stand for two reasons. First, he argues that it encourages police officers to unlawfully withhold information about their fellow officers. Second, he contends that Illinois does not require that a conspiracy needs to be successful before it can be actionable.

Neither of these arguments advances newly discovered evidence, an intervening change in law, or a manifest error of law or fact. Cosgrove, 150 F.3d at 732; Kerr, 229

---

[3] (...continued)
serve Miller at the Oak Lawn police station.

[4] Although Chico filed his motion under Fed. R. Civ. Proc. 59(c), it is clear that he intended to proceed under Rule 59(e). Rule 59(c) sets forth the time frame for submission of affidavits in conjunction with a motion for a new trial. That mechanism is inapplicable to a situation such as this one, with the case still in the pleading stage. Furthermore, the substance of Chico's motion shows that he is seeking to alter and amend our prior judgment. Finally, since the motion was filed within 10 days after judgment, it should be considered under Rule 59(e). See U.S. v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992).

F. Supp. 2d at 883. Rather, they present theories that were or should have been presented in the course of the briefing on the earlier motion. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). To the extent that they were presented, we have considered and rejected them. To the extent that they were not, Chico has had his bite at this apple, and Rule 59(e) will not afford him another. Russel v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Accordingly, his motion to alter or amend our August 31, 2005, order is denied.

Even if Chico's arguments could fit within the types allowed by Rule 59(e), they are without merit. Chico's claim that the ruling of this court will encourage other officers to withhold information from future plaintiffs is baseless. What the officers did here was not sufficient to keep Chico from filing suit at any point, so the benefit that Chico perceives is illusory. Thus, there is no incentive for officers to behave in this manner, as the potential for a suit being filed is in no way lessened by such conduct. Our ruling simply does not establish the "no harm, no foul" rule that Chico insists is inequitable.

With regard to the second argument, it is unclear precisely what Chico means by the statement that a conspiracy need not be successful to be actionable; the case he cites in support of it says nothing to that effect. Rather, it states that a valid claim of civil conspiracy must include both an agreement and a tortious act. McClure v. Owens

Corning Fiberglass Corp., 720 N.E. 2d 242, 258 (Ill. 1999). Chico fails to acknowledge the importance of the word "tortious" in this statement; an act does not become tortious until it works injury upon another. See Reuben H. Donnelley Corp. v. Brauer, 655 N.E.2d 1162, 1173 (Ill. App. Ct. 1995). The delay in filing suit that gave rise to the potential statute of limitations problem was the result of Chico's actions, so any injury to Chico did not result from the actions of Riley and Casey. Consequently, their actions were by definition not tortious. Thus, this argument also does not provide a meritorious basis to undo our prior decision.

## B. Motion to Dismiss Counts I, II, IV, V, VI, and VII

Miller's motion to dismiss is made pursuant to both Fed. R. Civ. Proc. 12(b)(5) and 12(b)(6). Because the service issue pertains to the viability of all of the claims against Miller, we address it first.

In considering a challenge to sufficiency of service, we must undertake a three-step inquiry. First, we must determine whether Chico served Miller in accordance with the tenets of Rule 4(e) before the 120-day period for service expired. Fed. R. Civ. Proc. 4(m). If he did not, we must next inquire whether he had good cause for the failure to act in a timely manner. Id.; Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340-41 (7th Cir. 1996). If no good cause exists, we must finally consider whether

we should, given the facts of this case, grant Chico an extension of time to effect service on Miller.  Panaras, 94 F.3d at 341.

With respect to the first issue, it is clear that there was no personal service nor abode service of Miller, so the only other possibility under Rule 4(e) is delivery of the summons and complaint to an agent authorized by appointment or by law to receive service on Miller's behalf.  Chico claims that the requisite relationship is established here because his counsel's law clerk spoke to an unidentified person at the police department who told him the department would accept the complaint and summons on behalf of Miller.  Chico's counsel states that he delivered the summons and complaint to an unidentified woman behind a glass window at the police department.  However, beyond the statement of the unidentified participant in the phone call with his law clerk, Chico's counsel identifies nothing to support a conclusion that Miller authorized anyone at the department to accept service on his behalf.  An authorized agency does not arise through implication, rather it is intended to involve only actual, explicit authorization.  See Schultz v. Schultz, 436 F.2d 635, 637 (7th Cir. 1971); see also James v. City of Jersey City, D'Agosta, Anlin & Does, 187 F.R.D. 512, 516 (D.N.J. 1999) (concluding that Jersey City Police Department agreed to accept service on behalf of defendant officer was not enough to satisfy Fed. R. Civ. Proc. 4(e)); Cheek v. Doe, 110 F.R.D. 420, 421-22 (N.D. Ill. 1986) (leaving copy of complaint at IRS

office did not adequately serve defendant IRS agent). Chico has not advanced any support for a conclusion that Miller had an agent authorized to accept service on his behalf, so his counsel's actions at the police station were without legal effect.

As an alternative, Chico contends that Miller's eventual appearance in this suit should be sufficient to indicate that he was properly served. While it is true that the underlying purpose of service is to notify a defendant of the need to appear to answer a plaintiff's allegations, it is well established that actual notice of a lawsuit alone is not an acceptable substitute for properly effected service. Robinson Engr. Co. v. Pension Plan & Trust, 223 F.3d 445, 453 (7th Cir. 2000. The seriousness of receiving a summons to appear in court and the consequences attendant to a failure to appear mandate that a plaintiff execute proper service before a defendant is brought into a litigation. Troxell v. Fedders of North Am., 160 F.3d 381, 382 (7th Cir. 1998). The burden is on Chico to show that his manner of service was legally sufficient, and he has not advanced an adequate basis for a conclusion that Miller appointed the Oak Lawn police department to receive service on his behalf, nor has he offered any authority that the department was authorized by law to accept service. Thus, we must conclude that Miller has not been served.

Because we have concluded that Miller has not been served within the 120 days allowed by Rule 4, we must look whether he had good cause for his failure. Panaras,

94 F.3d at 341. In light of the way this case unfolded, it is apparent that the failure to timely serve was more the result of a lack of diligence than any other reason. Good cause means a justifiable reason for delay, usually something outside the plaintiff's control like a defendant who evades service. Coleman v. Milwaukee Board of School Dir., 290 F.3d 932, 934 (7th Cir. 2002). Here, Chico's counsel has offered no reason for his failure to effect proper service beyond his belief resulting from the phone conversation described above and his usual practice of serving police officers at their stations. That is not enough to convince us that he was justified in failing to ascertain and fulfill his obligations under Rule 4.

Although we conclude that Chico does not have good cause for failing to comply with the 120-day time frame, we must still consider whether we think it appropriate to extend the period for service. Panaras, 94 F.3d at 341. In this case, we think that Chico has had ample time in which to effect service. The case was pending in this court for two and a half months with no appearance of anyone on behalf of Miller, and the two-year statute of limitations expired on May 27, 2005, during those two and a half months. Chico's counsel should have been aware that he was hazarding serious consequences by letting the matter go until the last minute, and then relying on spotty information to carry out a task that he knew had significant legal ramifications. He has made no other attempts at service. He halfheartedly contends that other attempts would

have been futile because Miller was overseas for part of the two and a half years, but Miller returned to Illinois on April 9, 2005, only three short days after this case was filed. Such a short time of unavailability does not absolve Chico of his obligation to properly serve Miller, and there is no evidence that he made any attempt to reach Miller while he was gone. Chico had ample time to do more than casually drop off a copy of the process with someone who, as far as he knew, only works at the same place as Miller, but he did not. This does anything but cast him in the favorable light necessary to justify an exercise of our discretion in his favor. As a result, we do not find an adequate reason to allow Chico more time to accomplish what he should have done months ago.

Normally, a dismissal for insufficiency of service is without prejudice, pursuant to Rule 4(m), allowing the plaintiff to refile a complaint and restart the time for its service. However, in this case, the statute of limitations period for any of the counts has expired.[5] Accordingly, any refiling would be futile, so we dismiss the complaint

---

[5] Chico's arguments with regard to equitable tolling of the applicable limitations periods are unavailing; even accepting that he did not know of Officer Miller's identity or affiliation until the Court of Claims hearing in June 2004, he knew as of the date of the assault that one man allegedly attacked him, and two others drove him home. This was all the information he needed to know that he had a potential cause of action against the attacker. Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993). That he did not immediately know the name of the attacker does not equate to a lack of knowledge that the attacker existed. The knowledge of the attacker's existence is all that was necessary to start the statute of limitations running. See Nemmers v. United
(continued...)

and the case with prejudice. In light of this outcome, we need not consider the merits of Miller's 12(b)(6) motion.

## CONCLUSION

Based on the foregoing analysis, Chico's Rule 59(e) motion is denied and Miller's motion to dismiss pursuant to Rule 12(b)(5) is granted. The case and complaint are dismissed with prejudice.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:  October 19, 2005

---

[5] (...continued)
States, 795 F.2d 628, 632 (7th Cir. 1986). Because Chico knew of the cause of his injuries as of the date of the attack, his delay in pursuing the cause and developing his case rests with him, not Miller. See id. To hold otherwise would undo the underlying purpose of the limitations period. See Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092, 1095 (7th Cir. 1990).